## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,

        Plaintiff,

    v.

Case: 19-cv-2824    (Jury Demand)
Assigned To: Unassigned
Assign. Date: 8/30/2019
Description: Pro Se Gen. Civil (F-DECK)

UNITED STATES COURTS,
KATE BARKMAN, Individually and
as Clerk of Court, and
JUAN RAMON SANCHEZ, Individually
and as United States District Court
Judge,

        Defendants.

## COMPLAINT

Take Judicial Cognizance

Notice

    1.    In accordance with the provisions of 28 U.S.C. § 636, the Plaintiff declines to have a United States Magistrate Judge conduct any proceedings in this case, and the Plaintiff hereby requests that this case be assigned to United States District Court Judge.

    2.    The Constitution of the United States is the supreme law of the land, and pursuant to Evidence Rule 902, the evidence presented herein in the attached Exhibits 1, 2 and 3 is self- authenticating.

## I.    PRELIMINARY STATEMENT

    3.    The Plaintiff, Edward Thomas Kennedy, (hereinafter "Kennedy" and/or "Plaintiff") brings this action against the United States Courts, Kate Barkman, (hereinafter "Barkman" and/or "Defendant Barkman") individually and as the Clerk of Court in the United

States District Court in the Eastern District of Pennsylvania, ("E.D. Pa.") and Juan Ramon Sanchez, (hereinafter "Sanchez" and/or "Defendant Sanchez") individually and as the President Judge in the United States District Court, in the E.D. Pa., and collectively, where appropriate, "Defendants" under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 seeking redress for the extraordinary misconduct of two federal government employees employed by the Defendant United States Courts, who conspired to and ultimately did use improper, unlawful, and unconstitutional means to falsely deny the Plaintiff access to justice in the United States Courts by failing to file his Complaint, which is Exhibit 1.

4.     The actions and conduct of the above-identified Defendant Clerk of Court Barkman and President Judge Sanchez were the results of deficient ethics, policies, practices, customs, trespass on the case, and deliberate indifference on the part of Defendant United States Courts, including the failure to take disciplinary and remedial action against the above-identified Defendant Clerk of Court and President Judge, and despite documented, well-known instances and/or records of judicial misconduct, and abuses of authority or power and the obvious, direct, conflicts of interest present in and surrounding the within Plaintiff's Complaint on the part of the three Defendants.

5.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1361, and 28 U.S.C. §§ 1331 and 1343 (1), (3, (4) and the aforementioned statutory provision. The within action is also filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. section 1983, 42 U.S.C. section 1985 and 28 U.S.C. section 1343 and seeks redress for the deprivation of the Plaintiff's Due Process and other Constitutional rights.

6.     The Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate any state law claims.

7.     The venue is proper in the District of Columbia, as the United States Courts are headquartered in this Judicial District, and Barkman and Sanchez are currently employed by the Defendant United States Courts.

## II.     JURISDICTION

8.     This court has jurisdiction over this action under 28 U.S.C. section 1331 and 28 U.S.C. 1343 (a) (3) for a violation of Constitutional rights and provided in 42 U.S.C. section 1983 and 42 U.S.C. section 1985.

9.     The Plaintiff seeks monetary and compensatory damages as well as attorney fees and costs pursuant to 42 U.S.C. section 1988.

10.     The Plaintiff brings this action against the Defendants to address the deprivation of rights secured him by the Due Process Clause, the Fourth and Fourteenth Amendments to the Constitution of the United States, as protected under 42 U.S.C. section 1983 and under section 1985 and under a common law claim(s).

11.     The Plaintiff is a resident of the Commonwealth of Pennsylvania.

12.     The Defendant United States Courts is a corporation, and a federal government agency headquartered in the District of Columbia.

13.     The Defendant Barkman is believed to be a resident of the Commonwealth of Pennsylvania.

14.     Defendant Sanchez is believed to be a resident of the Commonwealth of Pennsylvania.

15.     The matter in controversy exceeds the sum of $250,000, excessive interest, attorneys fees, and costs.

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332, 1343 (a) (3), and 42 U.S.C. section 1983 and 42 U.S.C. section 1985.

17.     The Plaintiff also invokes supplemental jurisdiction of this court over any of the Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. section 1367 as the common law claim(s) form part of the same controversy.

18.     The venue is proper in this District pursuant to 28 U.S.C. section 1931.

III.    **PARTIES**

19.     The Plaintiff, Edward Thomas Kennedy,  is one of the people of Pennsylvania, and an adult individual and a resident of the Commonwealth of Pennsylvania, residing at 800 Court Street, Apt. 223, Reading, PA 19601.

20.     The Defendant the United States Courts is a private corporation, with executive offices at 1 Columbus Circle Northeast, Washington, DC 20002.

21.     The Defendant Kate Barkman is an individual, with an address at 601 Market Street, Philadelphia, PA 19106.

22.     Defendant Juan Ramon Sanchez is an individual, with an address at 601 Market Street, Philadelphia, PA 19106.

23.     The Defendant, United States Courts, established the Court in the E.D. Pa. to serve the United States Courts. Said Defendant operates, governs, controls and supervises the operation of the United States Court, E.D. Pa. pursuant to the laws of the United States.

24.     At all times material and relevant to the allegations contained in this Complaint, Defendant Barkman was acting within the nature and scope of the Defendant's official duties as a duly appointed Clerk of Court at the Defendant United States Courts.

25.     At all times material and relevant to the allegations contained in this Complaint, Defendant Sanchez was acting within the nature and scope of the Defendant's official duties as a duly appointed President Judge at the Defendant United States Courts.

4

26.    Defendant Barkman, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as Clerk of Court for the Defendant United States Courts.

27.    Defendant Sanchez, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as the President Judge for the Defendant United States Courts.

28.    And all relevant times, all the above-identified Defendants were acting in concert or conspired with each other and the resulting unlawful actions and abuse of power deprived the Plaintiff of his Constitutional, Due Process and statutory rights.

29.    At all times relevant to this Complaint, all Defendants acted under the color of state law.

IV.    **FACTS**

30.    The Plaintiff filed his Complaint against nine Defendants for Trespass on the Case, Negligence, and Fraud on or about July 20, 2019, via USPS Certified Mail 7019 0700 0000 2802 5627.[1] The total money damages requested was one hundred and one million dollars and 00/100 cents ($101,000,000.00), and this request is requested again herein.

31.    Defendant Barkman received Plaintiff's Complaint on July 22, 2019, and pursuant to Evidence Rule 902, Defendant Barkman accepted said Complaint on July 22, 2019. [2]

---

[1] Exhibit 1 is eight pages (8) attached, and is the Plaintiff's Complaint dated July 22, 2019, that Defendant Barkman failed to file.

[2] Exhibit 2, one page (1) attached, USPS Form 3811 (green card) for Plaintiff's Complaint signed by Defendant Barkman on July 22, 2019.

32.    Defendant Sanchez received Plaintiff's Complaint on July 22, 2019, and pursuant to Evidence Rule 902, Defendant Sanchez accepted said Complaint on July 22, 2019, via USPS Certified mail.[3]

33.    The Plaintiff Kennedy demanded that the Defendant Barkman as Clerk of Court perform only a ministerial function, and that the Clerk of Court was not to perform any Tribunal functions, and that the Clerk of Court must file Plaintiff Kennedy's said Complaint.

**Take Judicial Cognizance**

34.    Pursuant to Federal Rules of Evidence Rule 201(c)(2) Taking Notice, the court must take judicial notice if a party requests it and the court is supplied with the necessary information.

**Notice**

35.    Federal Rules of Civil Procedure Rule 8. General Rules of Pleading.

**Notice**

36.    28 U.S.C. § 453.

**Notice**

37.    18 U.S.C. § 2076. Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.

**Notice**

38.    18 U.S.C. §1512 (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to - (1) influence, delay, or prevent the testimony of any

---

[3] Exhibit 3, one page (1) attached, USPS Form 3811 (green card) for certified Complaint, signed by Defendant Sanchez or his authorized representative.

person in an official proceeding; (2) cause or induce any person to -- (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; ... shall be fined under this title or imprisoned not more than 20 years, or both. (3) ... (c) Whoever corruptly—(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

39.    Any Clerk of Court who fails to obey the law shall be prosecuted to the fullest extent of the law. Defendant barkman failed to obey the law.

40.    Any President Judge or Judge advising or intimidating the Clerk of Court to violate the law must also be prosecuted to the fullest extent of the law. Clerks, attorneys, judges and other officers of the court are expected to know the law. The Clerk of Court Barkman is to file on demand. Sanchez intimidated Barkman,and Barkman failed to file Plaintiff Kennedy's Complaint.

41.    Plaintiff avers that Defendant Sanchez as President Judge at a United States Court advised and/or intimidated Clerk of Court Barkman to violate the law and not file Plaintiff's Complaint, in violation of US laws and statutes named herein and especially 18 U.S.C. § 2071.

42.    18 U.S.C. § 2071 - Concealment, removal, or mutilation generally – (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any

7

court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

**Notice**

43.    28 U.S.C. § 1361 - Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.

44.    Defendant Barkman failed to perform a duty, specifically her duty, owned to the Plaintiff by failing and/or knowingly refusing to file Plaintiff's Complaint, evidenced in Exhibit 1 and Exhibit 2.

45.    Defendant Barkman knowingly injured the Plaintiff in loss of rights in order to shield her fellow, government employees from Kennedy's Complaint in violation of US law and the relevant statutes cited heretofore.

46.    President Judge Sanchez and Clerk of Court Barkman took oaths under penalty of perjury to obey the law and to tell the truth, which means not to lie, mislead, misconstrue, misstate, misinform or to deny the Plaintiff Kennedy access to justice Defendants Sanchez and Barkman denied the Plaintiff access to justice.[4]

---

[4] See 28 U.S.C. § 453. Oaths of justices and judges for Defendant Sanchez.

47.    Defendants Barkman and Sanchez denied Plaintiff Kennedy access to justice at a United States Court of law. Additionally, the Plaintiff knows no law, statute or civil procedure that grants the Clerk of Court power, permission or authority to fail to file Kennedy's Complaint in the United States Court E.D. Pa. on or about July 22, 2019.

## V.    **DAMAGES**

48.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of attorneys fees, plus legal expenses, transportation costs, and miscellaneous, administrative costs in the approximate amount of $25,000.

49.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of monetary damages in the determined, amount of one hundred and one million dollars and 00/100 cents ($101,000,000.00).

50.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, utilization, severe anxiety and embarrassment by denying the Plaintiff access to justice.

51.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer emotional stress, humiliation, severe anxiety, and embarrassment.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

(b)    Awarding compensatory damages to the Plaintiff for damages for failure to file his Complaint of July 22, 2019 In the approximate amount of $101,000,000.00;

(c)    Awarding punitive damages against Barkman and Sanchez;

(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g)    Granting such other and further relief as the court deems appropriate and just.

### First Cause of Action
### Federal Civil Rights Violations

### Violation of Constitutional Rights Guaranteed Under the
### Fourth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985,
### 28 U.S.C. § 1361, 18 U.S.C. § 2071, and 18 U.S.C. § 2076.

### Edward Thomas Kennedy
### v.
### Defendants Kate Barkman and Juan Ramon Sanchez

52.    The Plaintiff incorporates paragraphs 1 through 51 of this Complaint by reference as if fully set forth at length herein.

53.    As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff was deprived of the right to access to justice in United States Court.

54.    As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985.

55.    The failure to file the Plaintiff's Complaint was all done without reasonable and or justifiable grounds for said Defendants to believe the Plaintiff had no right to access the United States Court for relief.

56.    The Defendants Barkman and Sanchez knew they had a duty and obligation to file Plaintiff's Complaint and knew they lacked lacked authority to fail to file the Plaintiff's

Complaint but did so intentionally and maliciously in order to protect the Defendants in the said case.

57.    The Defendants Barkman and Sanchez continued to protect the Defendants from the Plaintiff's civil Complaint knowing their failure to file was a product of a conspiracy between them and Defendants in the said Complaint.

58.    The failure to file Plaintiff's Complaint in this matter, was done with actual malice or ill-will towards the Plaintiff and/or with callous or reckless indifference for the Constitutional rights of the Plaintiff and for the express purpose of covering up Kennedy's lawful claims in his Complaint against the defendants by Barkman,  and violations of the Plaintiff's civil rights at the request and assistance of Defendant Sanchez, who was abusing his power as President Judge of the United States District Court, E.D. Pa.

59.    Defendants Barkman and Sanchez exceeded their jurisdiction,and because they exceeded their jurisdiction, injured the Plaintiff in loss of rights.

60.    Damages are due to injury from loss of rights.

61.    As a result of the above concerted efforts of all the Defendants, resulting denial of access to justice for the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. §§ 1983 and 1985, injured the Plaintiff in loss of rights.

62.    As a result of the concerted efforts of the Defendants, resulting in the loss of rights for the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiffs rights, deprived the Plaintiff of relief and deprived the Plaintiff his right to Due Process, thereby depriving Plaintiff of his rights, privileges and

immunities as guaranteed by the Fourth and Fourteenth amendments to the Constitution of the United States as protected by 42 U.S.C. §§ 1983 and 1985.

63.    As a result of the above concerted efforts of the Defendants, resulting in the Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights, deprived the Plaintiff of his right to equal protection of the laws, in violation of the Fourth and Fourteenth Amendment of the Constitution United States and protected under 42 U.S.C. §§ 1983 and 1985.

64.    The Plaintiff is entitled to punitive damages due to the intentional, malicious, wanton and willful misconduct of the Defendants Barkman and Sanchez.

65.    As a result of the proximate result of the intentional, malicious, wanton and willful actions of the Defendants, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress humiliation
embarrassment and anxiety;

(b)    Awarding compensatory damages to the Plaintiff for damages for failure to file his Complaint of July 22, 2019 In the approximate amount of $101,000,000.00;

(c)    Awarding punitive damages against Barkman and Sanchez;

(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)    Granting such other and further relief as the court deems appropriate and just.

### Second Cause of Action
### Federal Civil Rights Violations

### Violation of Constitutional rights guaranteed under the
### Fourth and Fourteenth Amendments and 42 U.S.C. § 1983

**Edward Thomas Kennedy**
**v.**
**Defendant United States Courts**

66.    The Plaintiff incorporates paragraphs 1 through 65 of this Complaint by reference as if fully set forth at length herein.

67.    The Defendant, United States Courts, employs Clerks of Court and Judges including the Defendants Barkman and Sanchez, described in the foregoing paragraphs.

68.    As a result, the Defendant, United States Courts, had the responsibility, duty, authority and ability to control the actions of Defendants Barkman and Sanchez.

69.    Defendant, United States Courts, took no steps to prevent, correct or remedy the conduct of the Defendants Barkman and Sanchez, who had the affirmative duty and ability to control.

70.    It is believed and therefore that, the Defendant, United States Courts knew that Defendants Barkman and Sanchez were capable of engaging in the unlawful failure to file the Plaintiff's Complaint due to prior incidents and investigations.

71.    Defendant, United States Courts had actual or constructive knowledge that Defendants Barkman and Sanchez had or were engaging in the unlawful and illegal Failure to file in Kennedy's case due to prior incidents and investigations.[5]

72.    Through its policy, customs and or practice, Defendant, United States Courts, knowingly allowed Defendants Barkman and Sanchez to violate the Constitutional rights of the Plaintiff.

73.    Defendant, United States Courts failed to take appropriate remedial measures to prevent misconduct of this nature.

---

[5] United States Courts knew Plaintiff Kennedy complained about Judicial Misconduct in the Third Circuit of United States Courts.

74.    Defendant, United States Courts, allowed, tolerated, and encouraged the Defendants Barkman and Sanchez to continue engaging in contact in which it knew to be illegal, unconstitutional and/or in violation of the Constitutional rights of the Plaintiff.

75.    This policy, custom and/or practice by Defendant United States Courts encouraged and caused the Constitutional violations by the Defendant, including the violation of the Plaintiff's Constitutional rights as described in the foregoing paragraphs.

76.    At all times pertinent hereto, Defendant, United States Courts, refused and/or failed to adequately train, direct, supervise, or control the Defendant Barkman and Sanchez to prevent the violation of the Plaintiff's Constitutional rights.

77.    At all times pertinent hereto, Defendant, United States Courts, refused and/or failed to adequately train, direct, supervise, or control the Defendant Barkman and Sanchez to prevent a conflict of interest that protected the Defendants from Kennedy claims and failed to prevent the violation of the Plaintiff's Constitutional rights.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;
(b)    Awarding compensatory damages to the Plaintiff for damages for failure to file his Complaint of July 22, 2019 In the approximate amount of $101,000,000.00;
(c)    Awarding punitive damages against Barkman and Sanchez;
(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g)    Granting such other and further relief as the court deems appropriate and just.

**Third Cause of Action**
**Supplemental State claims**

**Trespass on the Case (common law)**
**Intentional and Negligent Infliction of Emotional Distress**

14

**and Abuse of Process**

**Edward Thomas Kennedy**
**v.**
**Defendants Kate Barkman and Juan Ramon Sanchez**

78.    The Plaintiff incorporates paragraphs 1 through 77 of this Complaint by reference as if fully set forth at length herein.

79.    Defendant Sanchez conspired with Defendant Barkman by failing to obey the law as written and failed to obey his oath of office, pursuant to 28 U.S.C. § 453. Both Defendant Sanchez and Barkman trespassed on the case.

80.    The Defendants Barkman and Sanchez intentionally inflicted emotional distress on the Plaintiff and/or did so negligently by failing to file Plaintiff's Complaint (Exhibit 1) on or about July 22, 2019.

81.    The Defendants knew or should have known, the Plaintiff would experience significant emotional stress and anxiety by failing to file Plaintiff's Complaint (Exhibit 1).

82.    The Defendants used improper and unconstitutional means to abuse the civil process of procedure, practice, obligation and duty of the United States Courts.

83.    The Defendants abused their authority in the civil process by failing to file the said Plaintiff's Complaint (Exhibit 1), without probable cause, for an alleged violation of a civil procedures they knew, had reason to know, or recklessly failed to know was not based on truthful and accurate information.

84.    As a direct and proximate result of Defendant's failure to file the Plaintiff Kennedy's Complaint (Exhibit 1), trespass on the case (common law) intentional, negligent infliction of emotional distress, and abuse of process, the Plaintiff suffered damages as aforesaid which are incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this

Court enter judgment in his favor and against all the Defendants:

      (a)    Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

      (b)    Awarding compensatory damages to the Plaintiff for damages for failure to file his Complaint of July 22, 2019 In the approximate amount of $101,000,000.00;

      (c)    Awarding punitive damages against Barkman and Sanchez;

      (d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

      (e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

      (f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

      (g)    Granting such other and further relief as the court deems appropriate and just.

## VI.    **VERIFICATION**

      85.    I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 28, 2019.

Date: August 28, 2019.

                Respectfully submitted,

                Edward Thomas Kennedy, Plaintiff.
                800 Court Street, Apt 223
                Reading, PA 19601.
                Phone: 415-275-1244.
                pillarofpeace2012@gmail.com

                *Plaintiff is Self-represented.*

Attached

Exhibit 1 - eight pages.
Plaintiff's Complaint dated July 22, 2019 that Defendant Barkman failed to file.

Exhibit 2 - one page.
USPS Form 3811 (Green card) signed by Defendant Barkman on July 22, 2019.

Exhibit 3 -  one page.
USPS Form 3811 (Green card) signed by Defendant Sanchez on July 22, 2019.

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Thomas Kennedy,         )
)
                   Plaintiff,     )
)
   vs.                   )
)
)
Mark A. Kearney, individually,   )
and in his official capacity,      )
Jeffrey L. Schmehl, individually,  )
and in his official capacity,      )
Edward G. Smith, individually,   )
and in his official capacity,      )
C. Darnell Jones, individually,   )
and in his official capacity,      )
Juan Ramon Sanchez, individually, )
and in his official capacity,      )
John Glover Roberts individually, )
and in his official capacity,      )
James C. Duff, individually,     )
and in his official capacity, the   )
Administrative Office of the     )
United States Courts, and the    )
United States Courts,         )
              Defendants.   )
)

No. _____

Verified

Jury Trial Demanded

## COMPLAINT

**FIRST CAUSE OF ACTION –TRESPASS ON THE CASE**
(Common Law)

     1.    The Plaintiff, Edward Thomas Kennedy, ("Kennedy" and/or "Plaintiff") is one of the people of Pennsylvania in this court of record complains against the following Defendants ("Defendants"): Mark A. Kearney, individually, and in his official capacity  ("Kearney"), Jeffrey L. Schmehl, individually, and in his official capacity ("Schmehl"), Edward G. Smith, individually, and in his official capacity ("Smith"), C. Darnell Jones, individually, and in his official capacity ("Jones"),  Juan Ramon Sanchez, individually, and in his official capacity ("Sanchez"),

1

John Glover Roberts, individually, and in his official capacity ("Roberts"), James C. Duff, individually,  and in his official capacity ("Duff") the Administrative Office of the United States Courts ("AOUSC"), and the United States Courts ("Courts"), for Trespass on the Case (Common Law) Negligence and Fraud.

2.    Take Judicial Cognizance

a.    Mandatory and binding law is the Constitution of the United States, and also this United States Court E.D. Pa is a court of record as defined in the Law of the Case (Exhibit 1).
b.    Executive Order 11110.
c.    12 U.S. Code §411.
d.    Pursuant to 28 U.S. Code §453, Plaintiff accepts the oath of office of the U.S. Judge assigned to this case and binds him to it.
e.    This complaint and Exhibit 1 were  filed by USPS certified mail 7019 0700 0000 2802 5627 (return receipt requested) on July 20th 2019 from the United States Postal Service at 59 N 5th St, Reading, PA 19601 to the Clerk of Court Kate Barkman at 601 Market Street Philadelphia, PA  19106

3.    Defendant Mark A. Kearney is an individual, with an address at 601 Market Street Philadelphia Pennsylvania 19106.

4.    Defendant Jeffrey L. Schmehl, is an individual, with an address at 601 Market Street Philadelphia Pennsylvania 19106.

5.    Defendant Edward G. Smith, is an individual, with an address at 601 Market Street Philadelphia Pennsylvania 19106.

6.    Defendant C. Darnell Jones, is an individual, with an address at 601 Market Street Philadelphia Pennsylvania 19106.

7.    Defendant Juan Ramon Sanchez, is an individual, with an address at 601 Market Street Philadelphia Pennsylvania 19106.

8.    Defendant John Glover Roberts is an individual with an address at 1 First St NE, Washington, DC 20543.

9.    Defendant James C. Duff is an individual, with an address at 1 Columbus Circle Northeast, Washington, DC 20002.

2

10.    Defendant Administrative Office of the United States Courts is a private corporation, with executive offices at 1 Columbus Circle Northeast, Washington, DC 20002.

11.    Defendant United States Courts is a private corporation, with executive offices at 1 Columbus Circle Northeast, Washington, DC 20002.

12.    Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction the Plaintiff brings this action against the United States Courts, and Defendants as federal employees and corporation officers, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the fourth, fifth, seventh and ninth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971) arising under the U.S. Constitution, and the Magna Carta, which is mandatory and binding law today. The plaintiff also claims federal jurisdiction pursuant to 28 U.S. Code § 1361 and 28 U.S. Code § 242.[1] The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

13.    Under Federal Rules of Evidence 902 the following facts are self-authenticating evidence as part of the official public record:

a.    Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Jeffrey L. Schmehl in Case No: 18-cv-214, in Document 73, on 03/27/19 trespassed on the case.

b.    Res ipsa loquitur, in a court of record in the United States District Court for the Eastern District of Pennsylvania, federal employee Juan Ramon Sanchez trespassed on plaintiff's cases multiple times relative to Defendant Kearney, which is evidence of negligence and fraud.

c.    Res ipsa loquitur, in a court of record in the United States District Court for the Eastern District of Pennsylvania, federal employee C. Darnell Jones in Case No: 18-cv-977, in Document 64, on 08/27/18 trespassed on the case.

d.    Res ipsa loquitur, in a court of record in the United States District Court for the Eastern District of Pennsylvania, federal employee Jeffrey L. Schmehl in Case No: 18-cv-3532, in Document 8, on 08/27/18 trespassed on the case.

e.    Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Edward G. Smith in Case No: 18-cv-3442, in Document 11, on 11/14/18 trespassed on the case.

---

[1]    See also Kentucky v. Graham, 473 U.S. 159 (1985)

3

f.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee C. Darnell Jones in Case No: 18-cv-3374, in Document 5, on 08/24/18 trespassed on the case.

g.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee C. Darnell Jones in Case No: 18-cv-3747, in Document 13, on 09/12/18 trespassed on the case

h.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Edward G. Smith in Case No: 18-cv-3648, in Document 6, on 11/09/18 trespassed on the case

i.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Edward G. Smith in Case No: 18-cv-4071, in Document 8, on 09/27/18 trespassed on the case.

j.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee C. Darnell Jones in Case No: 17-cv-4579, in Document 3, on 11/06/17 trespassed on the case.

k.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee C. Darnell Jones in Case No: 17-cv-4599, in Document 3, on 11/06/17 trespassed on the case.

l.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Jeffrey L. Schmehl in Case No: 18-cv-4086, in Document 5 and Document 8, on 09/26/18 trespassed on the case.

m.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Jeffrey L. Schmehl in Case No: 18-cv-4310, in Document 9, on 10/12/18 trespassed on the case.

n.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Jeffrey L. Schmehl in Case No: 18-cv-4414, in Document 5, on 10/17/18 trespassed on the case.

o.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Mark A. Kearney in Case No: 19-cv-163, in Document 7, on 01/25/19 trespassed on the case.

p.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Mark A. Kearney in Case No: 19-cv-212, in Document 6 and Document 7, on 01/25/19 trespassed on the case.

q.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Mark A. Kearney in Case No: 19-cv-748 in Document 5, on 02/25/19 trespassed on the case.

r.     Res ipsa loquitur, in a court of record in the United States District Court E.D. Pa, federal employee Mark A. Kearney in Case No: 19-cv-2092, in Document 7, on 06/25/19 trespassed on the case.

14.    Plaintiff suffered the injuries and damages because the Defendants denied Plaintiff at least one hundred million dollars,

($100,000,000.00) cited in the plaintiff's cases in the dockets in paragraphs 13(a) to 13(r) inclusive in this court from Plaintiff's Complaints in Civil Actions cited herein.

15.    In a court of record, a Judge has no discretion. Pursuant to 28 U.S. Code § 453, Defendants Kearney Roberts, Sanchez, Smith, Jones, Schmehl and Duff are federal employees, who have a duty not to be negligent, to obey their oaths of office, to provide justice to both rich and poor, and to not exceed the jurisdiction of the Court of record.

16.    Said defendants took oaths to obey the U.S. Constitution, and to tell the truth, which means not to lie, misinform, misstate, misconstrue, make law, or put false paperwork into a court of record. Defendants have put false paperwork into the Plaintiff's cases. Roberts is Chief Executive Officer of Defendant United States Courts, a private corporation, and is personally responsible for trespass on the case and negligence of his corporate subordinates named herein.

17.    Exhibit "1" Law of the Case is incorporated by reference as though fully stated herein. The Federal Tort Claims Act ("FTCA") is a 1946 federal statute that permits private parties to sue the United States Courts in a federal court for torts committed by persons acting on behalf of the United States.[2] The United States Courts is a corporation and corporations are not sovereign. We the people are sovereign. CONFIRMATIO CARTARUM, (conforming charter) October 10, 1297, By Edward, King of England, reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. The Plaintiff and his grandfather Kennedy were named Edward in honor of the good King of England, Edward. Sovereign immunity is a myth. There is no sovereign immunity for U.S. Judges that exceed their jurisdictions. We the people are sovereign, and not those agencies and agents that serve us.

18.    The damages claimed are all a result of the injuries.

SECOND CAUSE OF ACTION NEGLIGENCE
(Common Law Tort)

19.    Paragraphs 1 through 18 are included by reference as though fully stated herein.

20.    In the Law of the Case Exhibit 1 and in tort law, negligence is a distinct cause of action. The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard

---

[2]    August 2, 1946, ch.646, Title IV, 60 Stat. 812, "28 U.S.C. Pt.VI Ch.171" and 28 U.S.C. § 1346.

Notice: Filed by USPS certified mail 7019 0700 0000 2802 5627.

established by law for the protection of others against unreasonable risk of harm."

21.    Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the Defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the Defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the Defendant's conduct.

22.    Defendants Roberts, Duff, and Sanchez are negligent in their duty and obligation to the Plaintiff and we the people under U.S. law for their failure or refusal to protect the Plaintiff from injury in loss of rights by Defendants Kearney, Jones, Schmehl, and Smith

23.    Damages are five hundred thousand dollars ($500,000.00) against each Defendant.

24.    The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION FRAUD
(Common Law Tort)

25.    Paragraphs 1 through 24 are included by reference as though fully stated herein.

26.    Defendants intentionally and knowingly trespassed on plaintiff's cases by refusing to obey their oaths of office.

27.    Defendants exceeded the court's jurisdiction, and because they exceeded the Court's jurisdiction, injured the Plaintiff in loss of rights.

28.    The defendants Kearney, Smith, Jones, Schmehl, Roberts, Duff and Sanchez fraudulent failure to obey their oaths of office and their duty to the plaintiff is a serious human rights abuse, corruption, treason and sedition under U.S. law.

29.    Defendant United States Courts failed to stop corruption by the U.S. Judges named herein when Plaintiff Kennedy complained to the Defendants Roberts and Sanchez.

30.    The United States Courts under the management of defendants Roberts and Sanchez administered fake justice in Plaintiff's cases. United States Courts are not designed to root out evil; they are designed to obscure and perpetuate evil.

6

*Notice: Filed by USPS certified mail 7019 0700 0000 2802 5627.*

31.    Plaintiff avers defendant Roberts is a threat to U.S. national security when he accepts funds from the Knights of Malta, a foreign organization. [Pope Francis "took over" Knights of Malta, according to published newspaper reports.].

32.    The defendants Kearney, Smith, Jones, Schmehl, Roberts, Duff and Sanchez are all modern Attorneys and members of the American BAR Association ("ABA") and/or one of the ABA subsidiaries which is a criminal enterprise under U.S. law. The said defendants conspired to deny Kennedy justice, which is a fraud.

33.    The damages claimed are all a result of the injuries.

34.    I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

1.    For the first cause of action, an Order for the Defendants to compensate Kennedy for damages in a sum in excess of the sum of One hundred million and xx/100 Dollars ($100,000,000.00), equally and pursuant to Executive Order 11110 and 12 U.S. Code §411, without delay;

2.    For the second cause of action, an Order to Defendants to compensate Kennedy for Damages of five hundred thousand and xx/100 Dollars ($500,000.00) each;

3.    For the third cause of action, an Order to Defendants to compensate Kennedy for Damages of five hundred thousand and xx/100 Dollars ($500,000.00) each;

4.    That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

5.    That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with the law, but under color of law;

6.    Interest as allowed by law;

7.    Costs of the suit, including Attorney's fees;

8.     Upon proper motion, Order the Defendants to pay punitive damages to Kennedy, pursuant to the Second Cause of Action: Negligence;

9.     For such other and further relief as the court may deem just and proper.

                                                      Jury Trial Demanded

Dated: July 20, 2019.

                              By:     Edward Thomas Kennedy
                                      800 Court Street, Apt 223
                                      Reading, PA 19601
                                      415-275-1244.
                                      pillar.of.peace.2012@gmail.com.

                              *The plaintiff is Self-represented.*

Attachment:

Exhibit "1" Law of the Case, Nine pages (9 pages).

NOTICE

       This complaint and Exhibit 1 and other documents are filed by USPS certified mail 7019 0700 0000 2802 5627 return receipt requested on July 20th, 2019 from the United States Postal Service at 59 N 5th St, Reading, PA 19601 to the Clerk of Court Kate Barkman at 601 Market Street Philadelphia, PA 19106.

# Exhibit 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kile Burkhum, Clenk
of Count
USDC ED Pa
601 murlt st
Philadelphia PA 19607

9590 9402 5005 9063 9726 59

2. Article Number (Transfer from service label)

7019 0700 0000 2802 5627

PS Form 2015, July 2015 PSN 7530-02-000-6053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Emily Erwin   7/22/2019

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# Exhibit 3

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JUAN Sanchez
601 Mulict St.
Philadelphia PA 19106

║║║║║║║║║║║║║║║║║║║║║║║║
9590 9402 5005 9063 9726 42

2. Article Number *(Transfer from service label)*

7019 0700 0000 2802 5238

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☑ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Edward Thomas Kennedy
800 Court Street, Apt 223
Reading, PA 19601
Phone: 415-275-1244.
Fax: 570-609-1810.

Angela D. Caesar, Clerk of Court
U.S. District Court, D.D.C.
E. Barrett Prettyman United States Courthouse
333 Constitution Ave NW,
Washington, DC 20001

Dear Clerk of Court Caesar:

Please file on demand the following enclosed documents:

1-    Cover sheet (one page)
2-    Motion to Proceed In Forma Pauperis i.e. Waive Fees (5 pages)
3-    (Original) Complaint with three Exhibits
4-    Summons for three (3) Defendants (2 pages each)
5-    [Proposed] Order

Thank you for your assumed cooperation in advance.

If you have any questions, please contact me at (415) - 275-1244 or at email
pillar.of.peace.2012@gmail.com.

Date: August 28, 2019.

Sincerely,

Edward Thomas Kennedy, Plaintiff

Enclosures

