UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY, )
)
Plaintiff, )
)
v. ) Civil Action No. 19-2824 (UNA)
)
UNITED STATES COURTS, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint, which is accompanied by an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint.

Plaintiff brings this action against Judge Juan Ramon Sanchez, Chief Judge of the United States District Court for the Eastern District of Pennsylvania, and Kate Barkman, the Clerk of Court. Plaintiff alleges that, on July 20, 2019, he mailed to the a a civil complaint which the defendants received on July 22, 2019. Compl. ¶¶ 30-33. Because the Clerk did not file the complaint, *see id.* ¶ 44, plaintiff claims that his constitutionally protected rights have been violated, *see generally id.* ¶¶ 52-77. Further, plaintiff brings trespass, intentional and negligent infliction of emotional distress, and abuse of process claims. *See id.* ¶¶ 78-84. He allegedly has suffered monetary damages, *see id.* ¶¶ 48-49, and "emotional stress, humiliation, severe anxiety, and embarrassment," *id.* ¶ 51, for which he demands a judgment in his favor and an award of $101,000,000 plus punitive damages, *see id.* ¶ 49.

It appears that any action Chief Judge Sanchez has taken would have been in his judicial capacity. Plaintiff's claims against cannot survive because he enjoys absolute immunity from

suit. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages").

The immunity that judges enjoy extends to clerks of court performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1282 (2008). Because it appears that the alleged constitutional violations committed by the defendant Barkman occurred in the course of the performance of judicial functions, judicial immunity protects her from suit. *See, e.g., Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011).

The Court grants plaintiff's application to proceed *in forma pauperis* and dismisses the complaint and this civil action. An Order is issued separately.

DATE: October 7, 2019

CHRISTOPHER R. COOPER
United States District Judge